UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DONALD DOSSER,

    Plaintiff,

v.                             **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 07-2435 (MJD/RLE)

WAL-MART STORES, INC.
d/b/a/ SAM'S CLUB #6312,

    Defendant.
_____

Harry A. Sieben, Jr. and Jeffrey M. Montpetit, Sieben Grose Von Holtum & Carey, Ltd., Counsel for Plaintiff.

Nicholas J. O'Connell, Thomas A. Gilligan, Jr., and Christopher G. Angell, Murnane Brandt, PA, Counsel for Defendant.
_____

**I.**     **INTRODUCTION**

    This matter is before the Court on Defendant's Motion for Summary Judgment. [Docket No. 14] The Court heard oral argument on January 4, 2008.

**II.**     **BACKGROUND**

    **A.**     **Factual Background**

1

On November 29, 2006, Plaintiff Donald Dosser and his wife, Irene Dosser, drove to Defendant's[1] store in Woodbury, Minnesota (the "Store").  (D. Dosser Dep. 18-19, 21, Ex. A to Angell Aff.)  The weather was "cold and windy," but there was no precipitation, it had not snowed recently, and the roads were "[p]erfectly bare."  (Id. 19, 21.)  The average temperature that day was approximately 22 degrees Fahrenheit.  (Ex. B to Angell Aff.;  Ex. A to Montpetit Aff.)  The previous day, the average temperature had been in the mid-40's, the high temperature had been in the mid-50's, and the weather conditions included thunderstorms, rain of approximately .66 inches, drizzle, and mist.  (Id.)

At approximately 3:30 p.m., Plaintiff and his wife parked their pickup truck in the parking lot, close to the entrance of Defendant's store.  (D. Dosser Dep. 19, 23-24.)  Plaintiff exited from the driver's side and began walking towards the rear of his vehicle.  (Id. 24-25.)  Plaintiff then slipped and fell on a patch of "black ice" behind the vehicle.  (Id. 25.)  The patch was approximately 3 feet by 4 feet.  (Id.)  When he exited his truck, Plaintiff was looking where he was going, but not specifically looking for ice, and he did not see the ice patch before

---

[1]Defendant asserts that although the Complaint names it as "Wal-mart Stores, Inc., d/b/a/ Sam's Club #6312," its correct name is "Sam's West, Inc."

he slipped. (Id. 27.) Irene Dosser testified that the patch of ice on which Plaintiff fell was clear, blended in with the pavement, and "looked like the pavement." (I. Dosser 13, 15, Ex. E to Angell Aff.) Neither Plaintiff nor Irene Dosser saw any other ice that day, either on the roads or in the store's parking lot. (Id. 25; D. Dosser Dep. 26.)

Chris Moosey, co-manager of the store, was on duty the day of Plaintiff's fall. (Moosey Dep. 10, 25, Ex. B to Montpetit Aff.) That day, the store had opened at 7:00 a.m. (Id. 33.) According to Moosey, the first cart attendant on duty, at 7:00 a.m. assumes the responsibility for inspecting the parking lot for safety hazards. (Moosey Dep. 36-37.) The first cart attendant of the day does an initial walk-through of the parking lot, searching for hazards, and then attendants cycle through the entire parking lot every hour or half hour. (McCall Dep. 16, 26, Ex. F to Montpetit Aff.; Weiss Dep. 32, Ex. G to Montpetit Aff.) Salt and shovels are available to the cart attendants at the main cart corral, October through March, to apply to ice that they see in the lot. (Moosey Dep. 42-43.)

After Plaintiff fell, Moosey arrived at the scene, had salt applied to the ice patch, and instructed the cart attendants to inspect the remainder of the parking lot. (Moosey Dep. 48, 67.) The ice patch on which Plaintiff slipped was the only

piece of ice in the parking lot that day.  (Id.  67.)  (See also Coughlin Dep. 44, Ex. D to Montpetit Aff.)

Moosey provided the information in Defendant's Answers to Plaintiff's Interrogatories and signed the answers on Defendant's behalf.  (Moosey Dep. 81.)  In one of the Answers, Defendant wrote, "Defendant states, upon information and belief, that the ice patch on which Plaintiff allegedly fell was apparent and visible to any individual exercising reasonable care."  (Id. 80.)  When asked to explain this response, Moosey testified that the ice was "apparent and visible" because, "[w]ith the guy lying on the ground, the salt that we put down, it was apparent that there definitely was ice there in the parking lot.  There is no question about that."  (Moosey Dep. 82.)

Kileigh Larsen, the personnel manager for the store at the time of Dosser's fall, also responded to the accident scene.  (Larsen Dep. 7, 19, Ex. C to Montpetit Aff.)  During her deposition, she, too, was shown the answer to the interrogatory noted above, stating that the ice patch was "apparent and visible."  (Id. 52.)  She was asked if she agreed with that characterization.  (Id. 53.)  She first agreed and then stated, "I wouldn't use those words."  (Id. 53-54.)  She explained that the patch was apparent and visible because she was looking for it.  (Id. 53-54, 58.)

4

Larsen both agreed that it was "apparent and visible," and that "[i]t was black. I mean it, was black ice. . . . It blended in with the concrete." (Id. 58.)

### B. Procedural Background

Plaintiff commenced this action by serving Defendant with a Complaint on approximately May 3, 2007. The action was originally venued in Pennington County District Court, State of Minnesota. The Complaint alleges negligence.

Defendant removed the case to this Court based on diversity jurisdiction on May 23, 2007. Defendant now moves for summary judgment on the grounds that there is no evidence that Defendant had actual or constructive notice of the ice patch upon which Plaintiff fell.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. Summary judgment is only appropriate

when "there is no dispute of fact and where there exists only one conclusion." Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (citation omitted).

### B.   Negligence Standard

Under Minnesota law, a business owner has a legal obligation to a business invitee, such as Plaintiff, "to keep and maintain its premises in a reasonably safe condition.  Defendant is not an insurer of the safety of its customers but is required to exercise ordinary care for their safety."  Sears, Roebuck & Co. v. Barkdoll, 353 F.2d 101, 102 (8th Cir. 1965) (citation omitted).

Plaintiff offers no evidence that Defendant or its employees caused the formation of the ice patch in the parking lot.  "Where defendant and its employees have not caused the dangerous condition, the Minnesota court has consistently held that the burden is upon the injured party to establish that the operator of the premises had actual knowledge of the defect or that the defect had existed for a sufficient period of time to charge the operator with knowledge of its presence."  Id. (citations omitted).  There is no evidence that Defendant had actual notice of the ice patch.  Thus, the issue is whether there exists evidence from which a jury could find that Defendant had constructive notice of the ice patch.

C.   **Constructive Notice**

Constructive notice occurs when the particular defect "existed for a sufficient period of time to charge the [business] operator with constructive notice of its presence." Wolvert v. Gustafson, 146 N.W.2d 172, 173 (Minn. 1966).

The Court concludes that there is a genuine issue of material fact regarding whether Defendant had constructive notice of the ice patch. Plaintiff argues that Defendant had constructive notice of the ice patch because there was nearly 3/4 of an inch of rain the day before the accident and then the temperature fell to below freezing the day of the accident, so the only reasonable conclusion is that the ice was a result of rain from the day before that had frozen overnight and had been present in Defendant's parking lot since the store opened at 7:00 a.m. Plaintiff argues that there is no evidence to suggest that the ice came from some source other than precipitation. Contrary to Defendant's assertion, these facts raise a triable issue regarding whether the ice patch resulted from frozen precipitation from the day before. Cf. Gearin v. Wal-Mart Stores, Inc., 53 F.3d 216, 218 (8th Cir. 1995) (holding plaintiff presented sufficient evidence of constructive notice of ice patch in Wal-Mart parking lot when she "presented testimony that it had not snowed for two or three days before the accident, it had

7

been very cold, the area where [plaintiff] fell looked like cars had driven over it, and the parking lot was in substantially the same condition just after [plaintiff]'s accident as it had been several hours earlier that day.").

The evidence would support a finding that the ice was present for at least 8 hours while the store was open before Dosser's fall. Moreover, there is testimony that the ice patch was close to the store entrance, 3 feet by 4 feet, and "apparent and visible." While Moosey and Larsen attempted to explain Defendant's interrogatory answer that the ice "was apparent and visible to any individual exercising reasonable care," Defendant's interrogatory answer raises a genuine issue of material fact regarding whether the ice patch was hidden black ice or was apparent and visible to a reasonable person. All of this evidence raises a genuine issue of material fact regarding whether Defendant had constructive notice of the ice patch on which Plaintiff slipped. The Court denies Defendant's motion for summary judgment.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant's Motion for Summary Judgment [Docket No. 14] is **DENIED**.

Dated: January 7, 2007                     s / Michael J. Davis
                                                                 Judge Michael J. Davis
                                                                 United States District Court